ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    kevin.yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES RICHARD BARRETT,<br><br>    Defendant. | CASE NO. 3:22-cr-152 SI<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date:  July 28, 2023<br>Time:  11:30 a.m.<br>Courtroom:  Courtroom 1, 17th Floor<br>Judge:  Hon. Susan Illston |

## INTRODUCTION

Charles Richard Barrett has pleaded guilty via plea agreement to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). In his plea agreement, he admitted to knowingly receiving at least 13 sexually explicit images from two minor victims.

For the reasons below, and considering the factors in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Barrett to a term of imprisonment of 63 months; 10 years of supervised release; restitution to be determined at a later date; and special assessments totaling $5,100.

//

//

# DISCUSSION

## I.     Factual Background

In 2019, as part of a larger child-exploitation investigation, federal agents discovered that Marc Nunez—Barrett's then-live-in-boyfriend and now-husband—may have possessed child pornography. In June 2020, federal agents executed a search warrant on Nunez's residence and seized a number of electronic devices, which were later forensically examined. PSR ¶ 34. In December 2020, Nunez was charged with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and in July 2022, he pleaded guilty to the charge. Case No. 3:21-cr-13-CRB. In April 2023, the Honorable Charles R. Breyer sentenced Nunez to a term of imprisonment of one year and one day.

During the investigation into Nunez, federal agents uncovered evidence that Barrett had been conversing with minors through text messages and persuaded them to send him sexually explicit images of themselves. Barrett communicated with one minor, who told Barrett that he was 16 years old, from December 25, 2013, to February 18, 2014. Barrett, who was 24 years old at the time, sent the minor sexually explicit images of himself and encouraged the minor to send him sexually explicit images of the minor. Barrett received at least nine sexually explicit images of the minor, which displayed the minor's genitalia or depicted anal manual penetration.

Barrett communicated with at least one other minor from November 12, 2013, to November 25, 2013. The minor told Barrett he was 16 years old and attended high school, yet Barrett also sent the minor sexually explicit images of himself and encouraged the minor to send him sexually explicit images of the minor. Barrett received at least four sexually explicit images of this minor, which displayed the minor's genitalia.

## II.    Procedural History

On March 30, 2022, the United States filed a complaint against Barrett, charging him with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). On April 13, 2022, a grand jury returned an indictment on the same charge.

On January 31, 2023, Barrett pleaded guilty to Count One of the Indictment. Sentencing is currently set for July 28, 2023.

//

**III.     Sentencing Guidelines Calculation**

The government stands by its plea agreement.  Barrett's total offense level is 26 and his criminal history category is I.  The government calculates the offense level as follows:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2G2.2(a)(2): | 22 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2: | |
| | § 2G2.2(b)(1) (defendant did not intend to traffic in, or distribute, material involving the sexual exploitation of a minor) | -2 |
| | § 2G2.2(b)(5) (pattern of activity involving the sexual abuse or exploitation of a minor) | +5 |
| | § 2G2.2(b)(6) (use of a computer or an interactive computer service) | +2 |
| | § 2G2.2(b)(7)(a) (10 to 149 images) | +2 |
| c. | Acceptance of Responsibility: | -3 |
| d. | Adjusted Offense Level: | 26 |

Offense Level 26 at CHC I yields a Guidelines range of 63–78 months.

The specific offense characteristic for a pattern of activity involving the sexual abuse or exploitation of a minor, under U.S.S.G. § 2G2(b)(5), applies.  The Application Notes for that provision state, "'Pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."  The Notes further explain that "[s]exual abuse or exploitation" includes conduct described in 18 U.S.C. § 2422.  Section 2422, in turn, proscribes "using the mail or any facility or means of interstate or foreign commerce" to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense."  18 U.S.C. § 2427 provides, "the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography."

Here, Barrett admitted in his plea agreement that he "encouraged" Minor Victim 1 and Minor

Victim 2 "at multiple points" during their extended conversations to send him sexually explicit images of themselves. PSR ¶ 34. The evidence shows that at least one of the minor victims took nude pictures of himself and sent them to Barrett at Barrett's instigation across multiple days. *Id.* ¶ 19. Thus, Barrett cannot deny that he sexually abused or exploited at least one victim on two or more separate instances.

The PSR calculates an adjusted offense level of 31 because it applied the cross reference in U.S.S.G. § 2G2.2(c)(1), resulting in a term of imprisonment of 108–135 months at CHC I. PSR ¶¶ 38–47. The government did not apply this cross reference due to an oversight. Nevertheless, it stands by the Guidelines calculation in its plea agreement.

## IV. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (5) the need to provide restitution to any victims of the offense.

## V. Recommended Sentence and Section 3553(a) Factors

### A. Probation's Recommendation

Probation has recommended that Barrett be sentenced to a term of imprisonment of 78 months;

U.S.' SENT. MEM.
3:22-cr-152 SI
4

supervised release of 10 years; waiver of any fine based on inability to pay; restitution to be determined at a later time; forfeiture; and a $5,100 special assessment.

### B. Government's Recommendation

The government respectfully submits that a sentence at of 63 months is sufficient, but not greater than necessary, to vindicate the considerations behind § 3553(a). Here, a sentence of 63 months appropriately balances the § 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant, as noted in the Presentence Investigation Report.

Based upon a consideration of the Sentencing Guidelines, all of the circumstances of this case, and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Barrett to a term of imprisonment of 63 months.

## CONCLUSION

In full consideration of the goals of sentencing, and for the reasons stated herein, the government respectfully recommends that the Court sentence Barrett to a term of imprisonment of 63 months. The government also respectfully requests that the Court sentence Barrett to a 10-year term of supervised release; restitution to be determined at a later date; forfeiture; and special assessments in the amount of $5,100.

DATED: July 21, 2023                                Respectfully submitted,

                                                            ISMAIL J. RAMSEY
                                                            United States Attorney


                                                             __/s/ Kevin Yeh_____
                                                            KEVIN YEH
                                                            Assistant United States Attorney